# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| SAM BOWEN, | ) |
|       Plaintiff, | ) |
| v. | ) CASE NO. 1:23-cv-1118-RLY-TAB |
| JAMES ISON, *et al.*, | ) |
|       Defendants. | ) |

## *AMENDED* COMPLAINT AND JURY TRIAL DEMAND

Plaintiff Sam Bowen, by counsel, files his *Amended* Complaint and Jury Trial Demand against Defendant James Ison, individually and in his official capacity as Chief of the Greenwood Police Department for depriving and/or conspiring to deprive Plaintiff of his right to freedom of speech, secured by the First Amendment to the United States Constitution, under color of state law, pursuant to 42 U.S.C. § 1983.

Additionally, Plaintiff sues the City of Greenwood for breach of contract under Indiana common law.

### I. Parties, Jurisdiction and Venue

1. Plaintiff Sam Bown ("Bowen"), is a citizen of the United States, and at all relevant times, has resided and been employed as a police officer by the City of Greenwood, Indiana, within the geographical boundaries of the Southern District of Indiana.

2. Defendant James Ison ("Ison"), at all relevant times, has been the duly appointed Chief of the Greenwood Police Department, and at all relevant times, was exercising authority granted to him by the State of Indiana.

3. The City of Greenwood ("City") is a political subdivision of the State of Indiana,

located within the geographic boundaries of the Southern District of Indiana, and is the governing body of the Greenwood Police Department ("GPD").

4. Plaintiff raises no state law tort claim and is therefore not subject to the requirements of the Indiana Tort Claims Act, Ind. Code 34-13-3-6.

5. The Court has subject matter jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331 (federal question). In addition, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. All events giving rise to this action occurred in within the geographic boundaries of the Southern District of Indiana, making venue proper in this Court.

## II. Factual Allegations

7. Bowen has been employed by the GPD as a patrolman since October 19, 2020.

8. During the period immediately preceeding Indiana's 2023 primary election day, Bowen engaged in a series of Facebook exchanges with other Greenwood residents on Facebook pages called "Greenwood Chatter" and "Greenwood, Indiana Crime Tracker."

9. The subjects of the discussions were the GPD's perceived lack of transparency in reporting criminal activity and alleged attempts by incumbent Mayor Mark Myers ("Myers"), a candidate for reelection in the primary, and Ison to downplay the reporting of violent crime in the City.

10. Bowen, as well as other posters in the conversations, referred to both Ison and Myers by name, as well as position.

11. Throughout the exchanges, Bowen did *not* identify himself as a GPD office, did not appear in his uniform or other identifiable apparel, and was not identified on his own Facebook page as a GPD officer.

12. Nonetheless, on May 2, 2023, the day of the primary, Ison presented Bowen with a letter informing him that "effective immediately [Bowen's] privilege to work in an off-duty law enforcement capacity is revoked until further notice. In accordance with Greenwood Police Department policy # 1018 titled 'Outside Employment and Outside Overtime' (section 1018.3.2[d]) this revocation is at the sole discretion of the Chief of Police."

13. At the time, Bowen was operating a private security service during his time off.

14. Moreover, Bowen was in the process of attempting to bid on a contract that required Bowen to have police powers.

15. At the same time, Ison informed Bowen that he would no longer be allowed to take his assigned police vehicle home at night, or use the assigned vehicle for personal transportation.

16. Take Home/Personal use of one's assigned police vehicle is a benefit commonly provided to all GPD officers with assigned vehicles.

17. The Take Home/Personal use benefit constitutes significant additional compensation for the officer involved.

18. At the time he gave Bowen the letter, Ison made it clear to Bown that the reason for the actions was Bowen's participation in the Facebook exchanges critical of Myers and Ison.

19. The same day, another GPD officer was subjected to the same actions, and this officer,too, was informed explicitly that the reason for the actions was that officers participation on social media posts critical of Ison and/or Myers.

20. Since May 2nd, Bowen's off-duty employment and vehicle take-home privileges have remained suspended.

21. In addition, Bowen has repeatedly been given the least desirable assignments available, including, for example, being assigned an eight hour shift monitoring vehicles entering

and leaving the parking area for a music festival.

22. In the past, that position has been filled by police cadets, working two to three hours shifts.

23. At some time shortly after Bowen filed his initial Complaint in this case on June 26, 2023, the City's legal staff obtained and transferred a copy of all of Bowen's instant messaging communications ("IM") and sent them to Ison.

24. Bowen was the *only* officer whose IMs were obtained.

25. On or about August 2, GDP interviewed six police officers, including Bowen, about their use of Ims. The names of the other officers were obtained from Bowen's IMs and their IMs were *not* separately obtained.

26. The focus of the IMs was the use of certain allegedly prejudicial terms during the officers' communications among one another.

27. On August 7, 2023, Ison recommended Bowen and four other offers be terminated, allegedly based on the language in the IMs.

### III. Legal Allegations

#### A. Federal Causes of Action

#### Count One: Deprivation of Rights Under Color of State Law
by Ison (42 U.S.C. § 1983)

28. Plaintiff restates each and every allegation in the preceding paragraphs as though fully set forth herein.

29. The subjects of Bowen's Facebook posts "touched on matters of public concern," and in posting his comments, Bowen was speaking as a private citizen.

30. Bowen's right to speak, as a private citizen, on matters of public concern, is guaranteed by the First Amendment.

-4-

31. Ison, by revoking Bowen's off-duty employment and vehicle take-home privileges, illegally retaliated against Bowen for engaging in constitutionally-protected speech, in violation of the First Amendment.

32. Ison took his actions under color of state law, in that, at the time of the actions, he was exercising authority granted to him by the State of Indiana.

33. Ison's actions were intentional, willful, and in reckless disregard for Bowen's rights.

34. As a direct and proximate result of Ison's unlawful actions, Bowen suffered, and continues to suffer, damages, including but not limited to, substantial loss of substantial additional income, loss of significant compensation, emotional distress, humiliation, embarrassment, damage to reputation, and attorney fees.

**Count Two: Deprivation of Rights Under Color of State Law – Retaliation by Ison (42 U.S.C. § 1983)**

35. Plaintiff restates each and every allegation in the preceding paragraphs as though fully set forth herein.

36. By filing his original Complaint in this matter on June 26, 2023, Bowen engaged in constitutionally-protected conduct.

37. Ison harassed Bowen by selectively auditing Bowen's IMs, and by recommending Bowen's termination of the basis of the content of those Ims.

38. Ison's conduct was sufficiently severe or pervasive to unfavorably alter the terms and conditions of Bowen's employment.

39. Ison's harassment of Bowen constituted unlawful retaliation because Bowen was harassed *because* he in protected conduct.

40. Ison took his actions under color of state law, in that, at the time of the actions, he was exercising authority granted to him by the State of Indiana.

41. Ison's actions were intentional, willful, and in reckless disregard for Bowen's rights.

42. As a direct and proximate result of Ison's unlawful actions, Bowen suffered, and continues to suffer, damages, including but not limited to, substantial loss of substantial additional income, loss of significant compensation, emotional distress, humiliation, embarrassment, damage to reputation, and attorney fees.

### Count Three: Governmental Liability (42 U.S.C. § 1983)

43. Plaintiff restates each and every allegation in the preceding paragraphs as though fully set forth herein.

44. With respect to matters of discipline and revocation of privileges, Ison is the final policy-making authority for the GPD.

45. As a direct and proximate result of Ison's unlawful actions, Bowen suffered, and continues to suffer, damages, including but not limited to, loss of substantial additional income, loss of additional non-wage benefits, emotional distress, humiliation, embarrassment, damage to reputation, and attorney fees.

### B. State Law Cause of Action

### Count Four: Breach of Contract by the City

46. Plaintiff restates each and every allegation in the preceding paragraphs as though fully set forth herein.

47. Bowen was employed pursuant to a valid contract with the City, the terms of which are set forth, *inter alia*, in Ind. Code 36-8-3-4, and the GPD's official policies.

48. By depriving Bowen of his off-duty employment and Take Home/Personal Use privileges, Ison breached the terms of the City's contract with Bowen.

49. In so doing, Ison acted as an agent of the City.

50. The City's unlawful breach of its contract with Bowen was intentional, willful, and/or undertaken with reckless disregard for Bowen's contractual rights.

51. As a direct and proximate result of Ison's unlawful actions, Bowen suffered, and continues to suffer, damages, including but not limited to, loss of substantial additional income, loss of additional non-wage benefits, emotional distress, humiliation, embarrassment, damage to reputation, and attorney fees.

### IV. Relief Requested

WHEREFORE, Plaintiff Sam Bowen, by counsel, asks the Court to return a verdict in his favor, and against the Defendants, on all counts, and to provide the Plaintiff with the following relief:

52. Order the Defendants, jointly and severally, to pay Plaintiff's actual damages;

53. Order the Defendants, jointly and severally, to pay Plaintiff compensatory damages for the emotional distress, humiliation, embarrassment, and damage to reputation caused by Defendants' actions;

54. Order Defendant Ison to pay Plaintiff punitive damages for his wilful, reckless and malicious actions;

55. Order the Defendants, jointly and severally, to pay pre- and post-judgment interest on all sums awarded;

56. Order the Defendants, jointly and severally, to pay Plaintiff's reasonable attorney fees and costs of litigating this action.

57. Order the Defendants, jointly and severally, be ordered to provide any and all other relief to which the Plaintiff may be entitled.

## V. Jury Trial Demand

Plaintiff Sam Bowen, by counsel, demands a trial by jury on all issues so triable.

Respectfully submitted,

*s/ Jay Meisenhelder*
Jay Meisenhelder, Atty No. 19996-49
JAY MEISENHELDER EMPLOYMENT
& CIVIL RIGHTS LEGAL SERVICES, P.C.
650 North Girls School Road, Suite D40
Indianapolis, IN 46214
Office Telephone: 317/231-5193
Direct Telephone: 317/899-9220
Facsimile Number: 317/982-5463
Email Address: jaym@ecrls.com

## CERTIFICATE OF SERVICE

I certify that on August 8, 2023, the foregoing was filed electronically. Copies will be sent to all counsel of record by operation of the Court's CM/ECF system.

*s/ Jay Meisenhelder*