UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SAM BOWEN,

Plaintiff,

v.

JAMES ISON and
THE CITY OF GREENWOOD, INDIANA,

Defendants.

Case No.: 1:23-cv-01118-RLY-MKK

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

Come now James Ison and the City of Greenwood, Indiana (collectively, "Defendants"), by counsel, and answer Plaintiff's complaint as follows:

## I. Parties, Jurisdiction and Venue

1. Plaintiff Sam Bowen ("Bowen") is a citizen of the United States, and at all relevant times, has resided and been employed as a police officer by the City of Greenwood, Indiana, within the geographical boundaries of the Southern District of Indiana.

**ANSWER:** Defendants admit that Plaintiff is a U.S. citizen and at all relevant times has been employed as a police officer by the City of Greenwood. Defendants also admit that the City of Greenwood is in the geographical boundaries of the Southern District of Indiana. Based on information and belief, Plaintiff does not reside in the City of Greenwood. Defendants therefore deny that Plaintiff resides in the City of Greenwood.

2. Defendant James Ison ("Ison"), at all relevant times, has been the duly appointed Chief of the Greenwood Police Department, and at all relevant times, was exercising authority granted to him by the State of Indiana.

**ANSWER:** Defendants admit that at all relevant times, Ison was the duly appointed Chief of the Greenwood Police Department. Due to the ambiguity of paragraph 2 of Plaintiff's complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Ison was "exercising authority granted to him by the State of Indiana" and can neither admit nor deny that allegation but demand clarity as to that allegation and strict proof thereof. Defendants do, however, affirmatively state that at all times relevant to Plaintiff's claims in this action, Ison was acting in the scope and course of his employment as Chief of the Greenwood Police Department.

3. The City of Greenwood ("City") is a political subdivision of the State of Indiana, located within the geographic boundaries of the Southern District of Indiana, and is the governing body of the Greenwood Police Department ("GPD").

**ANSWER:** Defendants admit that the City of Greenwood is a political subdivision of the State of Indiana and that it is located within the geographic boundaries of the Southern District of Indiana. Defendants deny that the City of Greenwood is the "governing body" of the Greenwood Police Department.

4. Plaintiff raises no state law tort claim and is therefore not subject to the requirements of the Indiana Tort Claims Act, Ind. Code 34-13-3-6.

**ANSWER:** Defendants accept Plaintiff's judicial admission that Plaintiff is not asserting any state law tort claims in this action. Paragraph 4 of Plaintiff's complaint asserts no claims or allegations against the Defendants and no further response is required. To the extent paragraph 4

could be construed to require some further response, all remaining allegations in paragraph 4 are denied.

5. The Court has subject matter jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §1331 (federal question). In addition, the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:** Defendants admit that the Court has original subject jurisdiction over claims brought under 28 U.S.C. § 1983 and supplemental jurisdiction of the state law breach of contract claim asserted by Plaintiff in this action. Defendants deny that Plaintiff's claims have merit.

6. All events giving rise to this action occurred in within the geographic boundaries of the Southern District of Indiana, making venue proper in this Court.

**ANSWER:** Defendants admit that venue of this action is proper in the Southern District of Indiana, Indianapolis Division. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 6 of Plaintiff's complaint and neither admit them nor deny them but demand strict proof thereof.

## II. Factual Allegations

7. Bowen has been employed by the GPD as a patrolman since October 19, 2020.

**ANSWER:** Defendants admit the allegations in paragraph 7 of Plaintiff's complaint.

8. During the period immediately preceding Indiana's 2023 primary election day, Bowen engaged in a series of Facebook exchanges with other Greenwood residents on Facebook pages called "Greenwood Chatter" and "Greenwood, Indiana Crime Tracker."

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of Plaintiff's complaint and can neither admit nor deny them but demand strict proof thereof.

9. The subjects of the discussions were the GPD's perceived lack of transparency in reporting criminal activity and alleged attempts by incumbent Mayor Mark Myers ("Myers"), a candidate for reelection in the primary, and Ison to downplay the reporting of violent crime in the City.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of Plaintiff's complaint and can neither admit nor deny them but demand strict proof thereof.

10. Bowen, as well as other posters in the conversations, referred to both Ison and Myers by name, as well as position.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of Plaintiff's complaint and can neither admit nor deny them but demand strict proof thereof.

11. Throughout the exchanges, Bowen did ***not*** identify himself as a GPD office, did not appear in his uniform or other identifiable apparel, and was not identified on his own Facebook

page as a GPD officer.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of Plaintiff's complaint and can neither admit nor deny them but demand strict proof thereof.

12. Nonetheless, on May 2, 2023, the day of the primary, Ison presented Bowen with a letter informing him that "effective immediately [Bowen's] privilege to work in an off-duty law enforcement capacity is revoked until further notice. In accordance with Greenwood Police Department policy # 1018 titled 'Outside Employment and Outside Overtime' (section 1018.3.2[d]) this revocation is at the sole discretion of the Chief of Police."

**ANSWER:** Defendants admit that on May 2, 2023, Chief Ison presented Plaintiff with a letter which stated: "This letter is to inform you that effectively immediately your privilege to work in an off-duty law enforcement capacity is revoked until further notice. with Greenwood Police Department policy # 1018 titled 'Outside Employment and Outside Overtime' (section 1018.3.2[d]) this revocation is at the sole discretion of the Chief of Police." Defendants also admit that May 2, 2023, was the day on which Indiana held its municipal primary election. Defendants deny all other allegations in paragraph 12 of Plaintiff's complaint.

13. At the time, Bowen was operating a private security service during his time off.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of Plaintiff's complaint and can neither admit nor deny them but demand strict proof thereof.

14. Moreover, Bowen was in the process of attempting to bid on a contract that required Bowen to have police powers.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of Plaintiff's complaint and can neither admit nor deny them but demand strict proof thereof.

15. At the same time, Ison informed Bowen that he would no longer be allowed to take his assigned police vehicle home at night, or use the assigned vehicle for personal transportation.

**ANSWER:** Defendants admit that on May 2, 2023, Ison informed Bowen that his privileges to use a City-owned police vehicle for his personal use were suspended until further notice. Defendants deny the remaining allegations in paragraph 15 of Plaintiff's complaint.

16. Take Home/Personal use of one's assigned police vehicle is a benefit commonly provided to all GPD officers with assigned vehicles.

**ANSWER:** Defendants deny the allegations in paragraph 16 of Plaintiff's complaint.

17. The Take Home/Personal use benefit constitutes significant additional compensation for the officer involved.

**ANSWER:** Defendants deny the allegations in paragraph 17 of Plaintiff's complaint.

18. At the time he gave Bowen the letter, Ison made it clear to Bown that the reason for the actions was Bowen's participation in the Facebook exchanges critical of Myers and Ison.

**ANSWER:** Defendants deny the allegations in paragraph 18 of Plaintiff's complaint.

19. The same day, another GPD officer was subjected to the same actions, and this officer, too, was informed explicitly that the reason for the actions was that officers participation on social media posts critical of Ison and/or Myers.

**ANSWER:** Due to the ambiguity of paragraph 19 of Plaintiff's complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted and neither admit nor deny them but demand clarity as to that allegation and strict proof thereof.

20. Since May 2nd, Bowen's off-duty employment and vehicle take-home privileges have remained suspended.

**ANSWER:** Defendants admit the allegations in paragraph 20 of Plaintiff's complaint.

21. In addition, Bowen has repeatedly been given the least desirable assignments available, including, for example, being assigned an eight hour shift monitoring vehicles entering and leaving the parking area for a music festival.

**ANSWER:** Defendants deny the allegations in paragraph 21 of Plaintiff's complaint.

22. In the past, that position has been filled by police cadets, working two to three hours shifts.

**ANSWER:** Due to the ambiguity of paragraph 22 of Plaintiff's complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted and neither admit nor deny them but demand clarity as to that allegation and strict proof thereof.

23. At some time shortly after Bowen filed his initial Complaint in this case on June 26, 2023, the City's legal staff obtained and transferred a copy of all of Bowen's instant messaging communications ("IM") and sent them to Ison.

**ANSWER:** Defendants admit the allegations in paragraph 23 of Plaintiff's complaint.

24. Bowen was the only officer whose IMs were obtained.

**ANSWER:** Defendants deny the allegations in paragraph 24 of Plaintiff's complaint.

25. On or about August 2, GPD interviewed six police officers, including Bowen, about their use if Ims. The names of the other officers were obtained from Bowen's IMs and their IMs were not separately obtained.

**ANSWER:** Defendants admit that over the course of several days at the end of July and beginning of August, the Greenwood Police Department interviewed six police officers, including Bowen about their use of IMs. Defendants admit that the other officers interviewed were initially identified because of their communications with Bowen. Defendants deny that the other officers' IMs were not separately obtained.

26. The focus of the IMS was the use of certain allegedly prejudicial terms during the officers' communications among one another.

**ANSWER:** If by the term "focus" Plaintiff means that the IMS contained highly inappropriate, offensive and deplorable language unbecoming of police officers, then Defendants admit the allegations in paragraph 26 of Plaintiff's complaint.

27. On August 7, 2023, Ison recommended that Bowen and four others be terminated, based allegedly based on the language in the IMs.

**ANSWER:** Defendants admit the allegations in paragraph 27 of Plaintiff's complaint, except that they state affirmatively that Ison's recommendations were, in fact, based on the language of the IMs and not "allegedly" based on the language of the IMs.

## III. Legal Allegations

### A. Federal Causes of Action

### Count One: Deprivation of Rights Under Color of State Law by Ison (42 U.S.C. § 1983)

28. Plaintiff restates each and every allegation in the preceding paragraphs as though fully set forth herein.

**ANSWER:** Defendants restate an incorporate their responses to paragraphs 1 through 27 above.

29. The subjects of Bowen's Facebook posts "touched on matters of public concern," and in posting his comments, Bowen was speaking as a private citizen.

**ANSWER:** Defendants deny the allegations in paragraph 24 of Plaintiff's complaint.

30. Bowen's right to speak, as a private citizen, on matters of public concern, is guaranteed by the First Amendment.

**ANSWER:** Defendants admit that, as a general legal proposition, the First Amendment protects the right of government employees to speak as private citizens on matters of public

concern, but they deny the implied allegation that they violated Bowen's First Amendment rights under the facts of this case.

31. Ison, by revoking Bowen's off-duty employment and vehicle take-home privileges, illegally retaliated against Bowen for engaging in constitutionally-protected speech, in violation of the First Amendment.

**ANSWER:** Defendants deny the allegations in paragraph 31 of Plaintiff's complaint.

32. Ison took his actions under color of state law, in that, at the time of the actions, he was exercising authority granted to him by the State of Indiana.

**ANSWER:** Defendants admit that Chief Ison's suspension of Plaintiff's off-duty employment and take home vehicle privileges was done in his capacity as Chief of the Greenwood Police Department and under the color of law. Due to the ambiguity of paragraph 32 of Plaintiff's complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Chief Ison was "exercising authority granted to him by the State of Indiana" and can neither admit nor deny that allegation but demand clarity as to that allegation and strict proof thereof. Defendants do, however, affirmatively state that at all times relevant to Plaintiff's claims in this action, Ison was acting within the scope and course of his employment as Chief of the Greenwood Police Department.

33. Ison's actions were intentional, willful, and in reckless disregard for Bowen's rights.

**ANSWER:** Defendants deny the allegations in paragraph 33 of Plaintiff's complaint.

34. As a direct and proximate result of Ison's unlawful actions, Bowen suffered, and continues to suffer, damages, including but not limited to, substantial loss of substantial additional income, loss of significant compensation, emotional distress, humiliation, embarrassment, damage to reputation, and attorney fees.

**ANSWER:** Defendants deny the allegations in paragraph 34 of Plaintiff's complaint.

**Count Two: Deprivation of Rights Under Color or Law – Retaliation by Ison (42 U.S.C. § 1983)**

35. Plaintiff restates each and every allegation in the preceding paragraphs as though fully set forth herein.

**ANSWER:** Defendants restate an incorporate their responses to paragraphs 1 through 34 above.

36. By filing his original Complaint in this matter on June 26, 2023, Bowen engaged in constitutionally-protected conduct.

**ANSWER:** Defendants admit that filing a lawsuit is constitutionally-protected activity.

37. Ison harassed Bowen by selectively auditing Bowen's IMs, and by recommending Bowen's termination on the basis of the content of those Ims.

**ANSWER:** Defendants deny the allegations in paragraph 37 of Plaintiff's complaint.

38. Ison's conduct was sufficiently severe or pervasive to unfavorably alter the terms and conditions of Bowen's employment.

**ANSWER:** Defendants admit that if the Police Merit Commission terminates Plaintiff employment, the terms and conditions of his employment will be "altered," but they submit that the inappropriate, offensive and deplorable language used by Plaintiff in his IMs conduct warrants his termination. Defendants deny all other allegations in paragraph 38 of Plaintiff's complaint.

39. Ison's harassment of Bowen constituted unlawful retaliation because Bowen was harassed because he [sic] in protected conduct.

**ANSWER:** Defendants deny the allegations in paragraph 39 of Plaintiff's complaint.

40. Ison took his actions under color of state law, in that, at the time of the actions, he was exercising authority granted to him by the State of Indiana.

**ANSWER:** Defendants admit that when Ison recommended Bowen's termination to the Police Merit Commission, he was acting in his capacity as the Chief of the Greenwood Police Department, under the color of law, and in accordance with Indiana law. Defendants deny any remaining allegations in paragraph 40 of Plaintiff's complaint.

41. Ison's actions were intentional, willful, and in reckless disregard for Bowen's rights.

**ANSWER:** Defendants admit that Ison's recommendation that Plaintiff's employment be terminated was intentional, but they deny the remaining allegations in paragraph 41 of Plaintiff's complaint.

42. As a direct and proximate result of Ison's unlawful actions, Bowen suffered, and continues to suffer, damages, including but not limited to, substantial loss of substantial additional income, loss of significant compensation, emotional distress, humiliation, embarrassment, damage to reputation, and attorneys' fees.

**ANSWER:** Defendants deny the allegations in paragraph 42 of Plaintiff's complaint.

**Count Three: Governmental Liability (42 U.S.C. § 1983)**

43. Plaintiff restates each and every allegation in the preceding paragraphs as though fully set forth herein.

**ANSWER:** Defendants restate an incorporate their responses to paragraphs 1 through 42 above.

44. With respect to matters of discipline and revocation of privileges, Ison is the final policy-making authority for the GPD.

**ANSWER:** Defendants deny the allegations in paragraph 44 of Plaintiff's complaint.

45. As a direct and proximate result of Ison's unlawful actions, Bowen suffered, and continues to suffer, damages, including but not limited to, loss of substantial additional income, loss of additional non-wage benefits, emotional distress, humiliation, embarrassment, damage to reputation, and attorney fees.

**ANSWER:** Defendants deny the allegations in paragraph 45 of Plaintiff's complaint.

**B. State Law Cause of Action**

**Count Four: Breach of Contract by the City**

46. Plaintiff restates each and every allegation in the preceding paragraphs as though fully set forth herein.

**ANSWER:** Defendants restate an incorporate their responses to paragraphs 1 through 45 above.

47. Bowen was employed pursuant to a valid contract with the City, the terms of which are set forth, *inter alia*, in Ind. Code 36-8-3-4, and the GPD's official policies.

**ANSWER:** Defendants admit that as a City of Greenwood police officer, Bowen is expected to comply with GPD policies but deny all other allegations in paragraph 47 of Plaintiff's complaint.

48. By depriving Bowen of his off-duty employment and Take Home/Personal Use privileges, Ison breached the terms of the City's contract with Bowen.

**ANSWER:** Defendants deny the allegations in paragraph 48 of Plaintiff's complaint.

49. In so doing, Ison acted as an agent of the City.

**ANSWER:** Defendants deny that they were contractually or otherwise obligated to authorize Plaintiff to work off-duty jobs or utilize police powers granted to him because of his employment as a City of Greenwood police officer in connection with off-duty jobs. Defendants further deny that they were contractually or otherwise obligated to provide Plaintiff with a City-

owned vehicle for his personal use or his use in connection with off-duty jobs. They deny all other allegations in paragraph 49 of Plaintiff's complaint.

50. The City's unlawful breach of its contract with Bowen was intentional, willful, and/or undertaken with reckless disregard for Bowen's contractual rights.

**ANSWER:** Defendants deny the allegations in paragraph 50 of Plaintiff's complaint.

51 As a direct and proximate result of Ison's unlawful actions, Bowen suffered, and continues to suffer, damages, including but not limited to, loss of substantial additional income, loss of additional non-wage benefits, emotional distress, humiliation, embarrassment, damage to reputation, and attorney fees.

**ANSWER:** Defendants deny the allegations in paragraph 51 of Plaintiff's complaint.

## IV. Relief Requested

52. Order the Defendants, jointly and severally, to pay Plaintiff's actual damages;

**ANSWER:** Defendants deny that Plaintiff has sustained any actual damages.

53. Order the Defendants, jointly and severally, to pay Plaintiff compensatory damages for the emotional distress, humiliation, embarrassment, and damage to reputation caused by Defendants' actions;

**ANSWER:** Defendants deny that Plaintiff is entitled to compensatory damages for emotional distress, humiliation, etc.

54. Order Defendant Ison to pay Plaintiff punitive damages for his willful, reckless and malicious actions;

**ANSWER:** Defendants deny that Ison has done anything that would justify awarding Plaintiff punitive damages.

55. Order the Defendants, jointly and severally, to pay pre- and post-judgment interest on all sums awarded.

**ANSWER:** Defendants deny Plaintiff is entitled to pre- and/or post-judgment interest.

56. Order the Defendants, jointly and severally, to pay Plaintiff's reasonable attorney fees and costs of litigating this action.

**ANSWER:** Defendants deny that Plaintiff is entitled to recover his attorneys' fees and costs in this action.

57 Order the Defendants, jointly and severally, be ordered to provide any and all other relief to which the Plaintiff may be entitled.

**ANSWER:** Defendants deny that there is any relief to which Plaintiff might be entitled because Defendants did not violate any of Plaintiff's constitutional rights or breach any contractual duties or obligations to Plaintiff.

WHEREFORE, the defendants, James Ison and the City of Greenwood, pray that: (1) Plaintiff take nothing by way of his complaint; (2) that judgment be entered in their favor and against Plaintiff, and (3) that Plaintiff be ordered to pay the defendants' costs in this action.

**AFFIRMATIVE DEFENSES**

Come now James Ison and the City of Greenwood, Indiana (collectively, "Defendants"), by counsel, and assert the following affirmative defenses:

1. Plaintiff's complaint fails to state a claim upon which relief can be granted.

2. The doctrine of qualified immunity immunizes James Ison from Plaintiff's federal claims in his individual capacity because the acts and/or omissions about which Plaintiff complains did not violate any of Plaintiff's constitutional rights under clearly established law.

3. Plaintiff's claims in this action are barred by Plaintiff's own actions and inactions.

4. Plaintiff's claims in this action may be barred by the doctrines of equitable and/or judicial estoppel.

7. Plaintiff's breach of contract claim is barred for the lack of consideration.

8. Plaintiff has failed to mitigate his damages.

WHEREFORE, the defendants, James Ison and the City of Greenwood, pray that: (1) Plaintiff take nothing by way of his complaint; (2) that judgment be entered in their favor and against Plaintiff, and (3) that Plaintiff be ordered to pay the defendants' costs in this action.

Respectfully submitted,

KNIGHT HOPPE KURNIK & KNIGHT, LTD.

*/s/ Pamela G. Schneeman*
Pamela G. Schneeman, Atty. No. 18142-53
Attorney for Defendants
James Ison and the City of Greenwood

KNIGHT HOPPE KURNIK & KNIGHT, LTD.
11590 N. Meridian Street, Suite 650
Carmel, IN 46032
Phone: (317) 844-3830
Fax: (317) 573-4194
Email: pschneeman@khkklaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2023, a copy of the foregoing DEFENDANTS' ANSWER TO AMENDED COMPLAINT was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

Jay Meisenhelder
JAY MEISENHELDER EMPLOYMENT &
CIVIL RIGHTS LEGAL SERVICES, PC
650 North Girl School Road, Suite D40
Indianapolis, IN 46214

*/s/ Pamela G. Schneeman*
Pamela G. Schneeman

KNIGHT HOPPE KURNIK & KNIGHT, LTD.
11590 N. Meridian Street, Suite 650
Carmel, IN 46032
Phone: (317) 844-3830
Fax: (317) 573-4194
Email: pschneeman@khkklaw.com