UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SAM BOWEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  1:23-cv-01118-RLY-TAB |
| | ) | |
| JAMES ISON and | ) | |
| THE CITY OF GREENWOOD, INDIANA, | ) | |
| | ) | |
| Defendants. | ) | |

**PROPOSED CASE MANAGEMENT PLAN**

Come now the parties, by their respective counsel, and tender this proposed Case

Management Plan:

I.  **Parties and Representatives**

**Plaintiff**
Sam Bowen

Represented by:

Jay Meisenhelder
JAY MEISENHELDER EMPLOYMENT &
 CIVIL RIGHTS LEGAL SERVICES, PC
650 North Girl School Road, Suite D40
Indianapolis, IN 46214
Phone: (317) 231-5193
Fax: (317) 982-5462
Email: jaym@ecrls.com

**Defendants**

James Ison and the City of Greenwood, Indiana

Represented by:
Pamela G. Schneeman
KNIGHT HOPPE KURNIK & KNIGHT, LTD.
11590 North Meridian Street, Suite 650
Carmel, IN 46032
Phone: (317) 844-3830
Fax: (317) 573-4194
Email: pschneeman@khkklaw.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.   Jurisdiction and Statement of Claims

A.   This Court has original subject matter jurisdiction over the federal claims brought under 42 U.S.C. § 1983. The Court has supplemental jurisdiction over Plaintiff's state law breach of contract claim.

B.   Plaintiff's statement of claims:

During the 2023 mayoral primary in Greenwood, Plaintiff, speaking as a private citizen, without identifying himself in any way, posted comments on social media sites critical of the incumbent Mayor for attempting to minimize the crime problem for electoral advantage. Plaintiff's comments also criticized the Police Chief for aiding the Mayor. The Chief thereupon suspended Plaintiff's right to work off-duty assignments, and to use his police vehicle for personal use. The Chief made it clear that the reason for his actions was Plaintiff's social media posts.

Plaintiff filed the instant lawsuit against the Chief and the City. Approximately one week later, the City targeted the Plaintiff's – and ***only*** the Plaintiff's – departmental Instant Message communications for scrutiny.

After finding a number of communications that were in violation of the Police Department's policies, Plaintiff (and four other officers who were identified through Plaintiff's IMs) were suspended without pay. The Police Chief recommended that Plaintiff and two other officers be terminated, and the remaining to officers be suspended without pay for more than five days.

C.    Defendants' statement of defenses:

Defendants deny Plaintiff's claims in their entirety. All discipline imposed on Plaintiff was justified by Plaintiff's misconduct and violations of the City of Greenwood Police Department's policies and procedures. None of the discipline imposed on Plaintiff was retaliatory, contrary to law, or outside of Chief Ison's authority to impose.  Chief Ison referred Plaintiff's employment to the police merit commission based on the racist, sexist, anti-Semitic and otherwise intolerant and deplorable language that Plaintiff frequently used in communicating with other officers of the department over the department's instant messaging (IM) communications system.  No discipline was imposed on Plaintiff that was not imposed on others who engaged in similar conduct.  Defendants will be moving for summary judgment on the merits of each of Plaintiff's claims in this action.  Chief Ison will also be asserting his entitlement to qualified immunity.

## III.    **Pretrial Pleadings and Disclosures**

A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before October 11, 2023.

B.    Plaintiff shall file his preliminary witness and exhibit list on or before October 18, 2023.

C.    Defendants shall file their preliminary witness and exhibit lists on or before October 25, 2023.

D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before November 10, 2023.

E.    Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal on or before November 20, 2023. Defendants shall serve on the Plaintiffs (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F.    Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before April 1, 2024.  Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before June 3, 2024.

G.      Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than April 22, 2024. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.      Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before 120 days prior to trial. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.      All parties shall file and serve their final witness and exhibit lists on or before July 1, 2024.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.      Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.      Discovery of electronically stored information ("ESI").


        1.      Production of ESI. The parties anticipate that ESI will include Facebook and other social media postings, and instant messages (IMs). No other substantial ESI is known or expected at this time.

                Documents are to be produced in PDF format, unless specifically requested in their native format.

                All ESI may be produced either on a thumb drive or via a shared file link.

                The parties reserve the right to withhold any discovery documents/data based on a known privilege or objection, and they agree to provide a privilege log properly identifying any item withheld.

        2.      Cost and Burden of Producing ESI. The parties will seek to employ measures to reasonably limit the burden and costs of ESI discovery on the

parties. It is the parties' intent to discuss cost-shifting or cost-saving measures that may be needed in this matter with each ESI discovery request. Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following assumptions apply: (1) The producing party bears the costs of searching for, assembling, reviewing, and producing the responses to the requests; (2) Any extraordinary costs may be allocated to the requesting party, but only after a Rule 37 conference wherein the parties discuss measures to appropriately and reasonably limit the costs incurred responding to the requests; and (3) To the extent that a party requests to examine an electronic device or component, the party making the request shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner, absent any privileges or objections that would preclude or protect such data from being disclosed.

3.   Claw Back Provision. In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.   Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is

---

[1]   The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.

A.      Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?  Yes.

Defendants will be moving for summary judgment on the merits of each of Plaintiff's claims in this action.  Chief Ison will also be asserting his entitlement to qualified immunity.

B.      On or before May 10, 2024, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.      Select the track that best suits this case:

___X___   Track 2: Dispositive motions are expected and shall be filed by July 19, 2024; non-expert witness discovery and discovery relating to liability issues shall be completed by May 3, 2024; expert witness discovery and discovery relating to damages shall be completed by August 2, 2024.

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. Civ. P. 56 must be raised by a party in a single motion.

## V.      Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in April 2024.

## VI.     Trial Date

The parties request a trial date in February 2025.  The trial is by jury and is anticipated to take 3 days.

## VII.    Referral to Magistrate Judge

A.      **Case**.  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B.    **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**VIII.  Required Pre-Trial Preparation**

A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.    Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

a.    brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.      Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.      Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.      **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.      Notify opposing counsel and/or parties in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.      If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.      File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.      Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.    <u>Other Matters</u>

None at this time.

Respectfully submitted,

Counsel for Plaintiff:

*/s/ Jay Meisenhelder (with permission)*
Jay Meisenhelder

JAY MEISENHELDER EMPLOYMENT &
CIVIL RIGHTS LEGAL SERVICES, PC
650 North Girl School Road, Suite D40
Indianapolis, IN 46214
Phone: (317) 231-5193
Fax: (317) 982-5462
Email:  jaym@ecrls.com


Counsel for Defendants:

*/s/ Pamela G. Schneeman*
Pamela G. Schneeman

KNIGHT HOPPE KURNIK & KNIGHT, LTD.
11590 North Meridian Street, Suite 650
Carmel, IN 46032
Phone: (317) 844-3830
Fax: (317) 573-4194
Email: pschneeman@khkklaw.com


## CERTIFICATE OF SERVICE

      I hereby certify that on September 11, 2023, a copy of the foregoing PROPOSED CASE

MANAGEMENT PLAN was filed electronically.  Notice of this filing will be sent to the following

parties by operation of the Court's CM/ECF system.

Jay Meisenhelder
JAY MEISENHELDER EMPLOYMENT &
 CIVIL RIGHTS LEGAL SERVICES, PC
650 North Girl School Road, Suite D40
Indianapolis, IN 46214


                                     */s/ Pamela G. Schneeman*

KNIGHT HOPPE KURNIK & KNIGHT, LTD.
11590 N. Meridian Street, Suite 650
Carmel, IN 46032
Phone: (317) 844-3830
Fax: (317) 573-4194
Email: pschneeman@khkklaw.com