UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SAM BOWEN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CASE NO. 1:23-cv-118-RLY-TAB |
| | ) | |
| JAMES ISON, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S STATEMENT OF CLAIMS

Plaintiff Sam Bowen, by counsel, and pursuant to the Case Management Plan entered on [Dkt. # 16], files this Statement of Claims. The Plaintiff reserves the right to supplement or otherwise amend her Statement of Claims as may be necessary and appropriate pursuant to further orders of the Court and further litigation in this action.

By filing this statement, Plaintiff's counsel certifies that, to the best of counsel's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

## Plaintiff's Claims

1. Plaintiff was a police officer for the Greenwood Police Department. During the 2023 Mayoral primary campaign, Plaintiff made a number of posts on various Greenwood-centric Facebook pages criticizing, by name, both Chief of Police Ison and Mayor Mark Meyers, for what the Plaintiff perceived as the Police Department's and the City's lack of transparency with respect to notifying Greenwood residents on a timely-basis of criminal activity. He also criticized the Police Chief for what he perceived as a morale problem within the Police Department.

2. In his Facebook posts the Plaintiff did ***not*** appear in his police uniform, or identify himself in any way as a Greenwood Police office. Plaintiff also did not disclose any confidential or sensitive information which might have compromised the Police Department's operations, and he not advocate for any disruption of the Department's operations.

3. One Primary Election Day (May 2, 2023), Ison summoned Plaintiff and one other officer who had engaged in similar social media activity, and stripped both officers of their ability to work off-duty employment assignments, as well as their ability to use their police vehicles while off-duty, and for personal use.

4. Bowen continued to be denied Take Home/Personal use of his police vehicle, and to be prohibited from working off-duty employment until his suspension and ultimate termination from the Police Department in August 2023, for matters that, because they were unknown to Ison at the time of his actions, are completely irrelevant in this action.

5. Plaintiff met personally with Mayor Meyers to protest his punishment, and Meyers refused to take any action on Plaintiff's behalf.

6. Plaintiff's Facebook posts occurred within the context of a mayoral election, and dealt with the Police Department's, and they City's crime information reporting procedures, and with police morale. Both the topics, and the time during which they were made, Plaintiff's comments

"touched on matters of public concern."  Because Plaintiff never identified himself in any way as a Greenwood police officer, or purported to speak for the Department or any other officers, he was speaking as a private citizen.

7. Plaintiff's right to speak as a private citizen on matters of public concern is protected by the First Amendment.  Ison's actions in taking away Plaintiff's take home/personal use of his vehicle, and Plaintiff's ability to work off-duty employment were taken solely because of Plaintiff's Facebook posts, and therefore constitute retaliation for Plaintiff's protected speech.

8. Plaintiff suffered actual damages as a result of Ison's actions.

Respectfully submitted,

  *s/   Jay Meisenhelder*
Jay Meisenhelder, Atty No. 19996-49
JAY MEISENHELDER EMPLOYMENT
& CIVIL RIGHTS LEGAL SERVICES, P.C.
650 North Girls School Road, Suite D40
Indianapolis, IN  46214
Office Telephone:    317/231-5193
Direct Telephone:    317/899-9220
Facsimile Number:   317/982-5463
Email Address:       jaym@ecrls.com

**CERTIFICATE OF SERVICE**

I certify that on May 11, 2024, the foregoing was filed electronically.  Copies will be sent to all counsel of record by operation of the Court's CM/ECF system.

  *s/   Jay Meisenhelder*