# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SAM BOWEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:23-cv-1118-RLY-TAB ) |
| JAMES ISON, *et al.*, | ) ) |
| Defendants. | ) |

### DECLARATION UNDER OATH OF SAM BOWEN

My name is Sam Bowen. I am over twenty-one (21) years of age, and am competent to make this declaration. The statements contained in this declaration are based on my personal knowledge.

1. I am the Plaintiff in this case.

2. From October 2020 through October 2023 I was a police officer for the Greenwood Police Department.

3. Because I worked the night shift throughout my entire time at the Greenwood Police Department, I did not interact with Chief James Ison on a daily, or even frequent basis. In fact, I only saw Chief Ison on occasion.

4. During my employment with GPD, I had almost not contact with Mayor Mark Myers.

5. From the first week of January 2023, through May 2, 2023, there was a Republican mayoral primary election campaign in which the incumbent mayor, Mark Myers, was seeking reelection, and was opposed by Joe Hubbard.

6. Although I did not *live* in Greenwood, I was employed there, and the results of the Greenwood mayoral primary were of significant interest to me.

7. Like a number of other Greenwood police officers and firefighters, I supported Hubbard in the campaign.

8. Like many other officers in the GPD, I felt the prior two years had been very different for Greenwood, particularly with respect to the increase in crime that I observed every day at work.

9. The issue of crime in Greenwood, including the Greenwood Police Department's

failure to notify residents of criminal activity in a timely manner, and the overall morale of the Police Department, were significant issues during that campaign.

10. Additionally, based on my observations and conversations with other officers, I believed that, during the period leading up to the primary, GPD morale was at the lowest point I had ever seen it, and that most officers would attribute that to actions taken by the Department's administration.

11. During the primary in Greenwood, I made a number of posts on two Greenwood-centric Facebook pages, which were open to any individual who was interested in Greenwood. Those pages were the "Greenwood Chatter" page and "Greenwood, Indiana Crime Tracker" page.

12. My posts, which were made in various "chat strings" concerning crime in Greenwood, referred to both Ison and Myers by name, and were critical of both men for what I believed was a lack of transparency in reporting crime, and for causing low morale on the GPD.

13. All of my posts were made while I was off-duty, and on my own time.

14. I did not identify myself as a Greenwood police officer in any of my posts. My Facebook profile did not identify me as a Greenwood police officer, nor did my Facebook profile photograph show me wearing a GPD uniform.

15. I never posted any photos that showed the Greenwood Police Department's logo, Greenwood police department equipment, or any member of the Greenwood Police Department, although one post, which was actually a repost from the Greenwood *Daily Journal* newspaper, did include a photograph of a Greenwood police vehicle, which had been printed in the original newspaper article.

16. On May 2, 2023, Chief Ison called me, along with another officer, Jonathan MacAtee, into his office.

17. MacAtee went into Chief Ison's office first, and came out after a very short time.

18. I went into the Chief's office after MacAtee. When I entered, the Chief informed me that, effective immediately, he was revoking my Take Home Car ("THC") privileges, and my Off-duty Employment ("ODE") privileges.

19. This meant that I was no longer allowed to drive my police car home after my shift, or to use my police vehicle for personal use. It also meant that I was no longer allowed to work off-duty security assignments which required an actual off-duty policeman.

20. Chief Ison told me that the decision to revoke my THC and ODE privileges was

solely within his discretion.

21. When I asked him if I could ask questions, he told me I was dismissed.

22. THC privileges are granted to all GPD officers who have an assigned vehicle. Not being able to use my police vehicle for personal business meant that I was forced to use my own vehicle, which I could not refuel from the City's gas pumps.

23. My estimated economic loss due to the loss of my THC privileges, from May 2 until August 7, when I was placed on administrative leave, was approximately $1,650.00.

24. Prior to revocation of my ODE privileges, I worked, on average, 16 hours of off-duty employment per week, and earned an average of $45.00 per hour. The revocation of my ODE privileges cost me an estimated $10,080 between May 2 and August 7, 2023.

25. The loss of my ODE income was particularly difficult for me because my home had been damaged by tornadoes that hit New Whiteland earlier in the year.

26. Although I did not *live* in Greenwood, I was employed there, and the results of the Greenwood mayoral primary were of significant interest.

27. Greenwood Police Department Policy 1026, Speech, Expression and Social Networking *does not* limit a GPD officer from "speaking as a private citizen, about matters . . . of public concern[.]"

28. Policy 1026 also states that members retain their rights to vote as they choose, to support candidates of their choice, and to express their opinions as private citizens on political subjects and candidates at all times while off duty.

29. Policy 1026.2, however, states that, due to the nature of their work and the influence associated with that work, it is necessary that members of this agency be subject to certain reasonable limitations on their speech and expression.

30. Policy 1026.2 goes on to state that the Agency will carefully balance the individual member's rights against the needs and interests against the needs and interests of the Agency when exercising a reasonable degree of control over its members' speech and expression.

31. Policy 1026.4 prohibits speech, even off-duty speech, that is significantly linked to, or related to, the Agency and tends to compromise or damage the mission, function, reputation or professionalism of the Agency or its members, as well as speech constituting treason, libel, slander, perjury, incitement to riot, or knowingly false statements regarding departmental operations or personnel.

32. However, Policy 1026.4 *does not* prohibit speech that is otherwise protected by law, "for example, speaking as a private citizen on a matter of public concern."

33. Policy 1026.4.1 provides that members are not restricted from endorsing, supporting, opposing or contradicting any political campaign or initiative as private citizens, if they do not appear to represent the Greenwood Police Department, or identify themselves in any way that could be reasonably perceived as representing the Agency.

34. Policy 1026.4 prohibits GPD employees from criticizing Department operations, policies, or personnel by speech, writing or expression in any other manner when such speech or expression is factually inaccurate or is made with reckless disregard for its truth or falsity.

35. However, the Policy also guarantees GPD officers the rights to: (1) endorse, support, oppose or contradict any political campaign or initiative; and (2) to express their opinions as private citizens on political subjects and candidates at all times while off-duty.

36. I was identifiable by name and photograph in all of the posts I made, however I never said anything that would allow a member of the public to infer that I was a Greenwood police officer.

37. There was no way a member of the general public would have known I was a police officer unless the person knew me personally.

I swear (or affirm), under the penalties for perjury, that the statements contained in the foregoing declaration are true, to the best of my information and belief.

Date: 09/22/2024

Sam Bowen (Sep 22, 2024 11:27 EDT)
Sam Bowen

# Exhibit A

Final Audit Report                                              2024-09-22

| | |
|---|---|
| Created: | 2024-09-21 |
| By: | Jay Meisenhelder (jaym@ecrls.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAaNEJ32AdRnUqslWKBLLoq9efoQUCvU8Q |

## "Exhibit A" History

- Document created by Jay Meisenhelder (jaym@ecrls.com)
  2024-09-21 - 9:27:41 PM GMT

- Document emailed to Sam Bowen (sam99bowen@gmail.com) for signature
  2024-09-21 - 9:27:44 PM GMT

- Email viewed by Sam Bowen (sam99bowen@gmail.com)
  2024-09-21 - 9:33:46 PM GMT

- Document e-signed by Sam Bowen (sam99bowen@gmail.com)
  Signature Date: 2024-09-22 - 3:27:54 PM GMT - Time Source: server

- Agreement completed.
  2024-09-22 - 3:27:54 PM GMT

Adobe Acrobat Sign